# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:09cv106

| | |
|---|---|
| **WILLIE NICKLES III,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **MEMORANDUM AND** |
| **Vs.** ) | **RECOMMENDATION** |
| ) | |
| **MARK GRAHAM, President of JK's** ) | |
| **Kitchen; ISREAL LNU, Kitchen** ) | |
| **Manager; TERESA LNU, Head** ) | |
| **Server; and JESSIE LNU, Assistant** ) | |
| **Kitchen Manager,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendants' Motion to Dismiss (#14). On June 9, 2009, the undersigned entered an Order in accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising plaintiff, who is proceeding *pro se*, of the nature of the defendants' motion, his obligation to respond to such motion, and that he had until June 19, 2009, to do so.  Having considered defendants' motion, the undersigned respectfully enters the following findings, conclusions, and recommendation.

## FINDINGS AND CONCLUSIONS

### I.    Background

On March 13, 2009, plaintiff filed the Complaint in this matter in which he alleges that he was employed with the defendants and that they discriminated against him in violation of Title VII of the Civil Rights Act of 1964, codified as 42, United

-1-

States Code Section, 2000e *et seq*. Complaint, Count I. He contends that defendants, (who appear to be fellow employees, supervisors, and, perhaps, the business's owner(s)) discriminated against him on the basis of "My Race and Color, As Identifiable." Id. Plaintiff does not state his race in the Complaint; however, a reasonable inference may be raised from paragraph D(1)(a)(2) of the Complaint that plaintiff is African-American. Complaint, at p. 4. Plaintiff also asserts that he was discriminated based on his gender. See Complaint, ¶ C(6)(c).

He names as defendants the following persons: "Mark Graham, President of JK's Kitchen"; "Isreal [*sic*] LNU, Kitchen Manager"; "Teresa LNU, Head Server"; and "Jessie LNU, Assistant Kitchen Manager."

## II.    Motion to Dismiss

Defendants have moved to dismiss the Complaint under Rules 12(b)(1) and (6), Federal Rules of Civil Procedure. They contend that: (1) they are not employers as defined by the Act; (2) plaintiff failed to press charges against them with the EEOC; and (3) plaintiff failed to raise gender or sex discrimination in his administrative charge of discrimination.

## III.   Applicable Standards

### A.    Rule 12(b)(1) Standard

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter

jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

### B. Rule 12(b)(6) Standard

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiffs' complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001). However, the Court recently held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate

pleading to govern a complaint's survival." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Under Twombley, to survive Rule 12(b)(6) scrutiny, the claims must at a minimum be "plausible." Id. Such decision has been further clarified:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009). While the court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).


> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendants' motions, the court has accepted as true the facts alleged by plaintiff in the complaint and will

view them in a light most favorable to plaintiff.

## IV. Discussion

### A. Introduction

Defendants have moved to dismiss the Complaint contending that this court lacks jurisdiction over the subject matter inasmuch as: (1) they are not employers as defined by the Act; (2) plaintiff failed to press charges against them with the EEOC; and (3) plaintiff failed to raise gender or sex discrimination in his administrative charge of discrimination. Each basis for dismissal will be discussed *seriatim*.

### B. Title VII "Employers"

In the defendants first argument, they contend that none of the persons names as defendants in this matter qualify as an "employer" as that term is defined under Title VII. In relevant part, Title VII provides that an employer is "a person engaged in an industry affecting commerce who has fifteen or more employees" and "any agent of such a person." 42 U.S.C. § 2000e(b). While the undersigned can readily conclude that plaintiff's co-workers are not "employers" under such definition, defendants have made no argument as to why "Mark Graham, President of JK's Kitchen" is not "an agent of such a person," id., and as such, an "employer." Instead, defendants simply make the conclusory argument that "none of such persons qualifies as an employer . . . ." Brief in Support, at 2.

Thus, the undersigned will recommend that defendants Isreal [*sic*] LNU, Kitchen Manager, Teresa LNU, Head Server, and Jessie LNU, Assistant Kitchen Manager, be dismissed from this action as they not "employers" under Title VII. As

to Mark Graham, President of JK's Kitchen, the undersigned must respectfully recommend that such motion be denied inasmuch as no argument has been provided by defendants as to why a person alleged to be president of plaintiff's employer[1] is not its agent.

### C. Failure to Name Mark Graham in the Administrative Charge

Defendants go on to argue that if the court finds any named defendant to be an employer, the claims against any such defendants must be dismissed as such defendant was not named in the administrative charge. Id. At this point, the only viable defendant appears to be Mark Graham, sued in his capacity as president of JK's Kitchen. While Defendant Graham may well have not been named in the administrative charge, defendants have failed to attach a copy of the charge to either its Answer or its Motion to Dismiss. See Answer (#8) & Motion and Brief (#14). While both the plaintiff and the defendants mention the administrative charge and/or the right to sue letter in their respective pleadings, none have attached either to the pleadings in this matter. Thus, defendant's argument lacks a foundation and the undersigned will recommend that such basis for dismissal be denied without prejudice.

### D. Gender Discrimination

Defendants next ague that plaintiff's claims of gender or sex discrimination are also subject to dismissal because plaintiff failed to raise any such claim in his charge of discrimination submitted to the EEOC. Again, the lack of a copy of the charge of

---

[1] The court has drawn all reasonable assumptions in favor of plaintiff, including that he was employed by JK's Kitchen. Complaint, ¶ ¶ B(1)-(4).

discrimination prevents this court from granting such relief. Counsel is respectfully advised that Local Civil Rule 7.1(C) was developed to remind counsel that factual assertions must be supported by citations to exhibits and page number, which are also lacking in defendants' briefs. Thus, the undersigned is compelled to recommend that this Motion to Dismiss be denied.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendants' Motion to Dismiss

(1) based on the definition of "employer" be **ALLOWED** as to defendants Isreal [*sic*] LNU, Kitchen Manager, Teresa LNU, Head Server, and Jessie LNU, Assistant Kitchen Manager, and that all claims against such defendants be **DISMISSED,** but that such motion be **DENIED** as to defendant Mark Graham, sued in his capacity as president of JK's Kitchen.; and

(2) based on administrative exhaustion be **DENIED WITHOUT PREJUDICE** as neither the charge of discrimination nor the right to sue letter is now before this court.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten (10)** days of service of same. Failure to file objections to this Memorandum and Recommendation with the

district court will preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.), <u>cert</u>. <u>denied</u>, 467 U.S. 1208 (1984).

Signed: June 23, 2009

Dennis L. Howell
United States Magistrate Judge